**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERIC ELLIS,

    Petitioner,

vs.                                                      Case No. 3:11-cv-789-J-32MCR

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

## ORDER

Petitioner initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 1, 2011.[1] Petitioner challenges a September 19, 2005 state court (Duval County) judgment of conviction for burglary of a dwelling, for which he received a seventeen year term of imprisonment. Petitioner raises five ineffective assistance of trial counsel claims.

Respondents contend that the Petition must be dismissed as untimely. See Motion to Dismiss Habeas Petition as Untimely (Doc. #14). The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date he handed it to prison authorities for mailing to this Court (August 1, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se filings in state court when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The Court is to apply the one-year AEDPA time limitation on a claim by claim basis. See Zack v. Taylor, 704 F.3d 917, 922 (11th Cir. 2013).

Pursuant to a plea agreement, Petitioner was adjudicated guilty of burglary of a dwelling on September 19, 2005. See Ex.[2] C. Petitioner did not file a direct appeal. However, on October 19, 2005, he timely filed a motion to withdraw his plea pursuant to Fla.

---

[2] The Court hereinafter refers to each exhibit appended to the Table of Exhibits (Doc. #15) as "Ex."

R. Crim. P. 3.170(l), arguing that his plea was involuntary. Ex. D. The trial court denied the motion on December 9, 2005. Ex. E. Pursuant to Fla. R. App. P. 9.140(b)(2)(A)(ii), Petitioner was authorized to file a direct appeal to challenge his allegedly involuntary plea; however, he did not do so. Therefore, his judgment became final for purposes of § 2244(d)(1)(A) when the thirty days for filing a direct appeal expired on January 9, 2006.[3] See Johns v. State, 36 So.3d 765, 766 (Fla. 1st DCA 2010) (per curiam) ("When a defendant does not appeal his or her conviction it becomes final when the 30-day period for filing an appeal expires.") (citing Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires)); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where a habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired).

Thus, the one-year limitation period began to run on January 10, 2006. On January 13, 2006, Petitioner handed a Motion to Define or Clarify Sentence to prison authorities for mailing to the trial court. Ex. F at 1-4. Like Respondents, this Court will assume arguendo that this motion tolled the limitations period. Only three days of the one-year limitation period

---

[3] The thirty day period for appealing the December 9, 2005 order denying the motion to withdraw plea expired on Sunday, January 8, 2006. Therefore, Petitioner had until Monday, January 9, 2006, to file his direct appeal.

3

elapsed prior to the filing of this motion (January 10 through January 12, 2006). The trial court denied the motion February 1, 2006. Id. at 4.

Therefore, the limitation period began to run again on February 2, 2006, and ran until October 11, 2006 (a period of 251 days), the day before Petitioner's post-conviction counsel filed a motion for post-conviction relief on behalf of Petitioner. See Ex. G at 1-12. The trial court denied the motion on August 6, 2010. Id. at 222-30. Petitioner appealed, and the First District Court of Appeal affirmed the trial court's order on February 10, 2011. Ex. K. The mandate issued on March 8, 2011. Ex. L. Thus, the limitation period began to run again on March 9, 2011, and expired 111[4] days later on June 28, 2011. Therefore, the August 1, 2011 Petition was untimely filed.

Petitioner argues that, despite the fact he did not file a direct appeal, the one-year limitation period should be tolled for an additional ninety days, the time in which he could have sought certiorari review in the United States Supreme Court. See Reply to Motion to Dismiss (Doc. #17). However, the Eleventh Circuit has stated, "[i]n our decisions regarding the timeliness of habeas petitions filed by Florida prisoners, we have required the inclusion of the 90–day period for seeking direct review in the Supreme Court **whenever the prisoner sought review in the highest court of Florida in which direct review could have been had**." Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (emphasis added). Here,

---

[4] As previously noted a period of 3 days and a period of 251 days elapsed before counsel filed Petitioner's motion for post-conviction relief, leaving Petitioner 111 days to timely file this action after the post-conviction proceedings were final.

4

<mark>Case 3:11-cv-00789-TJC-MCR   Document 18   Filed 07/08/14   Page 5 of 6 PageID 59</mark>

Petitioner did not seek review of his judgment of conviction in the courts of Florida, although he was authorized to do so.

Therefore, "[w]hether [Petitioner] was entitled to seek direct review in the Supreme Court of the United States determines the timeliness of his federal habeas petition." Id.

> The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States. U.S. Sup. Ct. R. 13.1. In the absence of a clear statutory or constitutional bar to higher state court review, see, e.g., Brown v. Texas, 443 U.S. 47, 50, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979), the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari. See, e.g., Stratton v. Stratton, 239 U.S. 55, 56, 36 S.Ct. 26, 27, 60 L.Ed. 142 (1915); Gotthilf v. Sills, 375 U.S. 79, 80, 84 S.Ct. 187, 188, 11 L.Ed.2d 159 (1963); Banks v. California, 395 U.S. 708, 708, 89 S.Ct. 1901, 1901, 23 L.Ed.2d 653 (1969); Sandquist v. California, 419 U.S. 1066, 1066, 95 S.Ct. 651, 651, 42 L.Ed.2d 662 (1974).

Id.

Petitioner was not barred from seeking appellate review of his judgment of conviction in Florida's First District Court of Appeal. Accordingly, he is not entitled to an additional ninety days of tolling because he was not permitted to file a petition for writ of certiorari in the United States Supreme Court to seek direct review of his judgment of conviction.

In sum, Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him. Accordingly, this case will be dismissed with prejudice as untimely.

<mark>5</mark>

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** with prejudice.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of July, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 7/3
c:
Eric Ellis
Counsel of Record

---

[5] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.